Martin R. Galbut (#002943)
J. Blake Mayes (#024159)
GALBUT & HUNTER
A Professional Corporation
2425 East Camelback Road, Suite 1020
Phoenix, Arizona 85016
Phone: 602.955.1455
Fax: 602.955.1585

A. Jason Mirabito
Paul J. Hayes
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Phone: 617.348.4867
Fax: 617.542.2241
*Pro Hac Vice* Pending
Co-Counsel for Plaintiff

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PROLINK SOLUTIONS, LLC, a Delaware limited liability company; PROLINK HOLDING CORP., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GPS INDUSTRIES, INC., a Nevada corporation; UPLINK CORPORATION, a Texas corporation; EL RIO GOLF CLUB, LLC, a Delaware limited liability company; CAMELBACK GOLF CLUB, a Delaware corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Patent Infringement; Declaratory Judgment)** |

Plaintiff ProLink Solutions, LLC, and ProLink Holdings Corp. (collectively "Plaintiffs") by and through their undersigned counsel, as and for their Complaint against Defendants GPS Industries, Inc., Uplink Corporation, El Rio Golf and Country Club, and Camelback Golf Club (collectively "Defendants") allege as follows:

## PARTIES

1. Plaintiff ProLink Solutions, LLC ("ProLink") is a Delaware corporation having a principal place of business at 410 S. Benson Lane, Chandler, Arizona 85224.

2. Plaintiff ProLink Holdings Corp. is a Delaware corporation having a principal place of business at 410 S. Benson Lane, Chandler, Arizona 85224.

3. Upon information and belief, Defendant El Rio Golf Club, LLC ("El Rio") is a Delaware corporation having its principal place of business at 1 Paseo El Rio, Mohave Valley, Arizona 86440.  Upon information and belief, El Rio is doing business in this judicial district and is committing acts of patent infringement in this judicial district.

4. Upon information and belief, Defendant Camelback Golf Club ("Camelback") is a Delaware corporation having its principal place of business at 7847 North Mockingbird Lane, Scottsdale, AZ 85253.  Upon information and belief, Camelback is doing business in this judicial district and is committing acts of patent infringement in this judicial district.

5. Upon information and belief, Defendant GPS Industries, Inc. ("GPSI") is a Nevada corporation with a parent or affiliate Canadian corporation of the same name and having its principal place of business in Nevada.  Upon information and belief, GPSI is doing business in this judicial district and is committing acts of patent infringement in this judicial district and elsewhere in the United States.

6. Upon information and belief, Defendant Uplink Corporation ("Uplink") is a Texas corporation having its principal place of business at 6500 River Place Boulevard, Building 4, Suite #201, Austin, Texas 78730.  Upon information and belief, Uplink is doing business in this judicial district and is committing acts of patent infringement in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

7. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

8. This is also an action for a declaratory judgment that U.S. Patent No. 5,685,786 ("the '786 Patent") is invalid and not infringed by any device, sign, or display made, used, offered for sale, or sold by Plaintiffs. This action arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* and the declaratory judgment statute, 28 U.S.C. § 2201 *et seq.*, and is based upon an actual justiciable controversy between the parties with respect to the invalidity and alleged infringement of the '786 Patent.

9. This Court has jurisdiction over this action pursuant to, inter alia, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. Venue is proper before this Court pursuant to, inter alia, 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## **COUNT I**

### **(Infringement of U.S. Patent No. 6,525,690)**

11. Plaintiffs hereby incorporate all allegations of their complaint by reference as if fully set forth herein.

12. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

13. ProLink owns U.S. Patent No. 6,525,690 ("the '690 Patent"), which was duly and legally issued on February 25, 2003 and is entitled "Golf Course Yardage and Information System With Zone Detection."

14. GPSI, Uplink, El Rio, and Camelback have been and are infringing, inducing others to infringe, and/or contributing to the infringement by others, of one or more of the claims of the '690 Patent by making, using, selling and/or offering for sale passive golf information systems in this judicial district and elsewhere in the United States, without the authorization of ProLink.

15. GPSI, Uplink, El Rio, and Camelback's acts of infringement are willful.

16. GPSI, Uplink, El Rio, and Camelback's acts of infringement have caused reparable and irreparable damage to ProLink, and ProLink will continue to suffer damage unless GPSI, Uplink, El Rio, and Camelback are enjoined.

## COUNT II

### (Infringement of U.S. Patent No. 6,236,940)

17. Plaintiffs hereby incorporate all allegations of their complaint by reference as if fully set forth herein.

18. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

19. ProLink owns U.S. Patent No. 6,236,940 ("the '940 Patent"), which was duly and legally issued on May 22, 2001 and is entitled "Display Monitor For Golf Cart Yardage and Information System."

20. Uplink has been and is infringing, inducing others to infringe, and/or contributing to the infringement by others, of one or more of the claims of the '940 Patent by making, using, selling and/or offering for sale its passive golf information systems in this judicial district and elsewhere in the United States, without the authorization of ProLink.

21. Uplink's acts of infringement are willful.

22. Uplink's acts of infringement have caused reparable and irreparable damage to ProLink, and ProLink will continue to suffer damage unless Uplink is enjoined.

## COUNT III

### (Infringement of U.S. Patent No. 6,470,242)

23. Plaintiffs hereby incorporate all allegations of their complaint by reference as if fully set forth herein.

24. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

25. ProLink owns U.S. Patent No. 6,470,242 ("the '242 Patent"), which was duly and legally issued on October 22, 2002 and is entitled "Display Monitor For Golf Cart Yardage and Information System."

26. Uplink has been and is infringing, inducing others to infringe, and/or contributing to the infringement by others, of one or more of the claims of the '242 Patent by making, using, selling and/or offering for sale its passive golf information systems in this judicial district and elsewhere in the United States, without the authorization of ProLink.

27. Uplink's acts of infringement are willful.

28. Uplink's acts of infringement have caused reparable and irreparable damage to ProLink, and Prolink will continue to suffer damage unless Uplink is enjoined.

## COUNT IV

**(Declaratory Judgment of Non-Infringement/Invalidity of U.S. Patent No. 5,685,786)**

29. Plaintiffs hereby incorporate all allegations of their complaint by reference as if fully set forth herein.

30. GPSI and Uplink have placed Plaintiffs in reasonable apprehension that they will be sued for the infringement of the '786 Patent.

31. More particularly, Plaintiffs are in the business of the design, development, manufacture, and/or sale of display monitors for golf course equipment.

32. One of Plaintiffs' professional associates is Techno Design Inc., (d/b/a SeeSwing).

33. Duka Martinovic is the CEO of Techno Design Inc.

34. On or about July 31, 2007, a senior executive of GPSI threatened to sue Plaintiffs for patent infringement of the '786 Patent.

35. Specifically, the GPSI senior executive advised Duka Martinovic that, once GPSI merged with Uplink, they would sue Plaintiffs for patent infringement.

5

36. Upon information and belief, the merger between GPSI and Uplink is imminent. Accordingly, Plaintiffs are apprehensive of an imminent suit for infringement of the '786 Patent.

37. One or more of the claims of the '786 Patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and/or 112.

38. Plaintiffs do not infringe any valid claim of the '786 Patent.

39. An actual justiciable controversy exists between Plaintiffs, on the one hand, and GPSI and Uplink, on the other hand, regarding the validity and infringement of the '786 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

A. For judgment that GPSI, Uplink, El Rio, and Camelback have infringed, induced others to infringe, and/or contributed to the infringement by others of U.S. Patent Nos. 6,525,690, 6,236,940 and 6,470,242;

B. For judgment that GPSI, Uplink, El Rio, and Camelback's acts of patent infringement are willful;

C. For a temporary restraining order and preliminary and permanent injunction preventing GPSI, Uplink, El Rio, and Camelback, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, all individuals and entities in active concert and/or participation with them, and all individuals and/or entities within their control from engaging in the aforesaid unlawful acts of infringement;

D. For monetary damages caused to ProLink by GPSI, Uplink, El Rio, and Camelback's unlawful acts of patent infringement;

E. For a declaration that Plaintiffs have not infringed and is not infringing any claim of the '786 Patent;

F. For a declaration that the '786 Patent is invalid;

G. For increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

H. For interest and costs incurred in this action; and

I. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 1st day of November, 2007.

GALBUT & HUNTER
A Professional Corporation


By: s/ J. Blake Mayes, Esq.
Martin R. Galbut, Esq.
J. Blake Mayes, Esq.
Camelback Esplanade, Suite 1020
2425 East Camelback Road
Phoenix, Arizona 85016

- and -

By: s/ A. Jason Mirabito, Esq.
A. Jason Mirabito, Esq.
Paul J. Hayes, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
*Pro Hac Vice* Pending
Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on November 1, 2007 I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system.

 s/ J. Blake Mayes