Brett L. Dunkelman, 006740
Osborn Maledon, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
E-mail: bdunkelman@omlaw.com

Steven C. Schroer, *pro hac vice*
Timothy P. Maloney, *pro hac vice*
Joseph P. Marinelli, *pro hac vice*
Ted S. P. Li, *pro hac vice*
Fitch, Even, Tabin & Flannery
120 South LaSalle Street
Suite 1600
Chicago, Illinois 60603
(312) 577-700
E-mail: scschr@fitcheven.com
         tpmalo@fitcheven.com
         jmarinelli@fitcheven.com
         tli@fitcheven.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ProLink Solutions, LLC, a Delaware limited liability company; ProLink Holding Corp., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GPS Industries, Inc., a Nevada corporation; UpLink Corporation, a Texas corporation; El Rio Golf Club, LLC, a Delaware limited liability company; Camelback Golf Club, a Delaware corporation,<br><br>Defendants. | No. CIV 07-2128 PHX MHM<br><br>**ANSWER TO COUNTS I-III, COUNTERCLAIMS, AND DEMAND FOR TRIAL BY JURY OF GPS INDUSTRIES, INC.** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant, GPS Industries, Inc. ("GPSI"), answers Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

**(Response to Specific Allegations)**

Except as hereafter expressly admitted, each and every allegation of the Complaint is denied.

1. GPSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 2, 3, and 4 of the Complaint, and thereby denies same.

2. Answering paragraph 5 of the Complaint, GPSI admits that it is a Nevada corporation and that it is doing business in this judicial district. GPSI denies the remaining allegations of paragraph 5.

3. Answering paragraph 6 of the Complaint, GPSI admits that UpLink is a Texas corporation having its principal place of business at 6500 River Place Boulevard, Building 4, Suite #201, Austin, Texas 78730. GPSI admits that UpLink has previously done business in this judicial district. GPSI denies the remaining allegations of paragraph 6.

4. Answering paragraph 7 of the Complaint, GPSI admits that Counts I-III of the Complaint purport to bring an action for patent infringement under the patent laws of the United States. GPSI denies that the action is properly brought and further denies having committed any acts of infringement.

5. Answering paragraph 8 of the Complaint, GPSI admits that Count IV of the Complaint purports to also bring an action for declaratory judgment under the patent laws and the declaratory judgment statute of the United States. GPSI denies that Count IV is properly brought, further denies that Count IV is based upon an actual justiciable controversy between the parties with respect to the '786 Patent, and further states that

the Court has no subject matter jurisdiction over Plaintiff's declaratory judgment Count. GPSI denies all remaining allegations of paragraph 8.

6. Answering paragraph 9 of the Complaint, GPSI admits that this Court has jurisdiction over Counts I-III of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). GPSI denies that this Court has jurisdiction over Count IV of this action pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Answering paragraph 10 of the Complaint to the extent it is directed to GPSI, GPSI admits that venue as to Counts I-III is proper before this Court. GPSI denies venue is proper as to Count IV.

8. Answering paragraph 11 of the Complaint, GPSI hereby incorporates all its answers to the Complaint by reference as if fully set forth herein.

9. Answering paragraph 12 of the Complaint, GPSI admits that Count I of the Complaint purports to make a claim for patent infringement under the patent laws of the United States.

10. GPSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and thereby denies same.

11. GPSI denies the allegations of paragraph 14, 15, and 16 of the Complaint.

12. Answering paragraph 17 of the Complaint, GPSI hereby incorporates all its answers to the Complaint by reference as if fully set forth herein.

13. Answering paragraph 18 of the Complaint, GPSI admits that Count II of the Complaint purports to make a claim for patent infringement under the patent laws of the United States.

14. GPSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and thereby denies same.

15. GPSI denies the allegations of paragraph 20, 21, and 22 of the Complaint.

16. Answering paragraph 23 of the Complaint, GPSI hereby incorporates all its answers to the Complaint by reference as if fully set forth herein.

17. Answering paragraph 24 of the Complaint, GPSI admits that Count III of the Complaint purports to make a claim for patent infringement under the patent laws of the United States.

18. GPSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and thereby denies same.

19. GPSI denies the allegations of paragraph 26, 27, and 28 of the Complaint.

20. GPSI contends that this Court does not have subject matter jurisdiction over the declaratory judgment claim pled as Count IV, paragraphs 29-39 of the Complaint. GPSI has filed a motion to dismiss Count IV concurrently herewith and, therefore, does not answer Count IV at this time.

**SECOND DEFENSE**

**(Patent Invalidity)**

21. The '690 Patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD DEFENSE**

**(Non-Infringement)**

22. GPSI has not and does not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, nor contributed to infringement of others, nor actively induced others to infringe, any valid and enforceable claim of the '690 Patent.

**FOURTH DEFENSE**

**(Laches)**

23. Upon information and belief, Plaintiffs' claims against GPSI are barred, in whole or in part, by the doctrines of laches.

## FIFTH DEFENSE

### (Estoppel)

24. Plaintiffs' claims against GPSI are barred, in whole or in part, by the doctrine of equitable estoppel.

## SIXTH DEFENSE

### (Limitation on Damages)

25. Plaintiffs' claims are barred, in whole or in part, by 35 U.S.C. § 287.

## COUNTERCLAIMS

### Nature of Counterclaims

Without waiving the foregoing Defenses, GPSI asserts the following counterclaims alternatively seeking a declaration of GPSI's non-infringement of the '690 Patent and/or the invalidity of said patent as a matter of law and fact.

### Factual allegations

1. Counterplaintiff, GPSI, is a corporation organized and existing under the laws of Nevada and does business in Nevada.

2. Upon information and belief, Counterdefendant, ProLink Solutions, LLC ("ProLink"), is a legal entity organized under the laws of Delaware, with principal offices in Chandler, Arizona.

3. ProLink alleges in the Complaint that it is the owner of the '690 Patent and has standing to sue for infringement of the '690 Patent.

4. ProLink alleges in the Complaint that GPSI and GPSI's customer, the Camelback Golf Club, have infringed the '690 Patent by making, using, selling and/or offering for sale passive golf information systems.

5. These Counterclaims arise under the patent laws, Title 35 of the United States Code, and are claims for declaratory judgment under 28 U.S.C. §2201 and 2202 of patent invalidity and non-infringement. This Court has jurisdiction of these

Counterclaims under 28 U.S.C. §1331 and 1338(a) and under the patent laws. As evidenced by the Complaint, an actual and justiciable controversy exists between GPSI and ProLink with respect to the invalidity and non-infringement of the '690 Patent, and ProLink's alleged right to assert the '690 Patent against GPSI and Camelback and obtain relief therefrom. Absent a declaration of invalidity and non-infringement, ProLink will continue to wrongfully assert the '690 Patent against GPSI, Camelback and other customers of GPSI and thereby cause GPSI irreparable injury in damages.

6. Venue is proper in this District because by filing its Complaint, ProLink has submitted to the venue and jurisdiction of this Court.

### First Counterclaim

7. GPSI realleges paragraphs 1 through 6 above.

8. The '690 Patent is invalid for failure to meet the requirements of patentability of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Counterclaim

9. GPSI realleges paragraphs 1 through 6 above.

10. GPSI does not infringe and has not infringed the '690 Patent. Neither the Camelback Golf Club, nor any other customers of GPSI infringe or have infringed the '690 Patent based on their use of any product supplied by GPSI.

### Jury Demand

GPSI demands a trial by jury as to all matters and issues triable by jury.

### Reservation of Rights

GPSI's investigation of the matters herein alleged is ongoing. GPSI expressly reserves its right, pursuant to Fed.R.Civ.P. 15, to supplement or amend its Answer and Counterclaims upon further investigation.

### Prayer for Relief

By reason of the foregoing, GPSI requests judgment as follows:

1. dismissing Plaintiffs' Complaint in its entirety with prejudice;

2. declaring that GPSI and its customers have not infringed and do not infringe any valid claim of the '690 Patent;

3. declaring that the '690 Patent is invalid;

4. awarding GPSI its costs and its litigation expenses, including reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

5. granting such other and further relief as the Court may deem just and equitable.

DATED this 8th day of April, 2008.

                                 FITCH, EVEN, TABIN & FLANNERY

By   s/Timothy P. Maloney
       Steven C. Schroer, *pro hac vice*
       Timothy P. Maloney, *pro hac vice*
       Joseph P. Marinelli, *pro hac vice*
       Ted S. P. Li, *pro hac vice*
       120 South LaSalle Street, Suite 1600
       Chicago, Illinois 60603

       Brett L. Dunkelman
       Osborn Maledon, P.A.
       2929 N. Central Ave., Suite 2100
       Phoenix, Arizona  85012-2794

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2008, I electronically transmitted the attached **Answer To Counts I-III, Counterclaims, And Demand For Trial By Jury Of GPS Industries, Inc.** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

        s/Timothy P. Maloney

505791